**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAREN REARDON and LOUIS REARDON, her husband, | ) ) ) | Case No.:   21-1642 |
| Plaintiffs, | ) ) | Erin K. Rudert, Esquire |
| | ) | Ainsman Levine, LLC |
| v. | ) | 310 Grant Street, Suite 1500 |
| | ) | Pittsburgh, PA 15219 |
| LINCOLN EASTERN MANAGEMENT | ) | Phone: 412-338-9030 |
| CORPORATION; and DAWSON-SUNCAP | ) | PA ID No. 200432 |
| SHV, LLC i/t/d/b/a THE ASHBY AT | ) | er@ainsmanlevine.com |
| SOUTH HILLS VILLAGE STATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |
| | ) | |

**COMPLAINT IN CIVIL ACTION**

AND NOW, come the Plaintiffs, KAREN REARDON and LOUIS REARDON, her husband, by and through their attorneys, ERIN K. RUDERT, ESQUIRE, and AINSMAN LEVINE, LLC, and file the following Complaint in Civil Action:

**PARTIES**

1.      Plaintiffs, Karen Reardon and Louis Reardon, are married adult individuals who reside at 525 SE Plumeria Drive, Port Saint Lucie, Florida 34984.

2.      Defendant, Lincoln Eastern Management Corporation, is a Texas corporation with a principal place of business at 2000 McKinney Avenue, Suite 1000, Dallas, Texas 75201 and a mailing address of PO Box 1920, Dallas, Texas 75221-1920.

3.      Defendant, Dawson-SunCap SHV, LLC, is a Delaware limited liability company with a principal place of business located 6101 Carnegie Boulevard, Suite 180, Charlotte, North Carolina 28209.

4. At all times material hereto, Defendant, Dawson-SunCap SHV, LLC, was trading and doing business under the name "The Ashby at South Hills Village Station."

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to complete diversity of citizenship under 28 U.S.C. § 1332 as the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

6. This has Court has supplemental jurisdiction over all other claims or aspects of this matter that are so related to form part of the same case or controversy pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), as the conduct giving rise to the within matter occurred in Allegheny County, Pennsylvania, which is part of this judicial district.

**ALLEGATIONS OF FACT COMMON TO ALL COUNTS**

8. At all times material hereto, there existed a commercial property known as The Ashby at South Hills Village Station, in Upper St. Clair Township, Allegheny County, Pennsylvania, which property was and is an apartment complex/apartment living community.

9. The events hereinafter complained of occurred on or about December 25, 2020, on the premises and real property of The Ashby at South Hills Village Station, near 1200 Village Drive, Upper St. Clair Township, Allegheny County, Pennsylvania.

10. At all times material hereto, it is believed and therefore averred that Defendant, Dawson-SunCap SHV, LLC, owned, maintained, and controlled the real property and premises that comprised The Ashby at South Hills Village Station.

11. At all times material hereto, it is believed and therefore averred that Defendant, Lincoln Eastern Management Corporation, was the property manager and/or manager of The Ashby at South Hills Village Station.

12. At all times material hereto, all Defendants acted by and through various employees, agents, contractors, sub-contractors, assigns, servants, and/or others who were acting within the course and scope of their employment, agency, contract, servitude, or other relationship with one of more of Defendants.

13. In the weeks prior to the date of the incident in question, Plaintiffs leased apartment 2403 within 1200 Village Drive and occupied the same as tenants of one or both Defendants.

14. At all times material hereto, Plaintiff was a tenant of one or both of Defendants, and was therefore entitled to the duties owed by a lessor as described in § 360 of the Restatement (2d) of Torts.

15. On the morning of December 25, 2020, Plaintiff, Karen Reardon, exited the premises described herein to walk her dog to a grassy area of the premises where animals were permitted to do their business.

16. At all times material hereto, as Plaintiff walked to the grassy area, she traversed areas of light snow on the premises but did not encounter any areas that were slippery or were noted to have ice present.

17. As Plaintiff was walking across the sidewalk adjacent to 1200 Village Drive to return to her apartment after her dog was finished, she encountered a dangerous and hazardous condition of an area of ice, the presence of which was concealed by a dusting of snow, which ice existed on a sloped area of sidewalk near a curb cut for wheelchair access.

18.    At all times material hereto, the ice existed and was allowed to remain on the premises in question for an unreasonable length of time, such that snow fell on the ice and obscured the existence of the ice from Plaintiff.

19.    At all times material hereto, it is believed and therefore averred that the design of the sidewalk, including the slope of the sidewalk, created a condition where precipitation, runoff, and other water was directed to flow toward the parking lot side of the sidewalk and toward the curb cutout, such that water flowing in that area would freeze and create an icy condition due to the design of the sidewalk.

20.    As Plaintiff encountered the icy condition described herein, she was caused to slip and fall to the ground and strike her body thereon.

21.    After the fall, Plaintiff observed the area where she fell and noted that no salt, anti-skid, cinders, or other ice melting or traction agent had been applied in the area of her fall, nor did it appear that any efforts had been made to clear the sidewalk of the ice.

22.    As a direct and proximate result of the above-described fall, Plaintiff was caused to suffer and sustain a displaced fracture of the left fibula/lateral malleolus, which required surgical intervention consisting of open reduction and internal fixation, and which is anticipated to require future surgery for removal of the retained hardware.  Plaintiff remains at risk of developed post-traumatic arthritis, joint stiffness, pain, disability, and other complications due to the fracture of her left ankle.  Plaintiff further suffered bruising, contusions, abrasions, sprain, strain, and other injuries due to striking her body in the fall.

23.    As a further direct and proximate result of the fall, Plaintiff has been damaged as follows:

> a.    She has incurred and may in the future incur costs and expenses for medical and rehabilitative care, including the services of physicians, nurses,

therapists, and other professionals, medications, medical devices, and other medical treatments as prescribed and/or recommended;

b.  She has and may in the future suffer a loss of wages and/or a loss of earning capacity;

c.  She has suffered and will in the future suffer physical and emotional pain, suffering, distress, anguish, stress, and anxiety;

d.  She has been permanently scarred and disfigured;

e.  She has and may in the future be embarrassed and humiliated;

f.  She has and will suffer a loss of life's pleasures;

g.  Her general health, strength, and vitality have been impaired.

## <u>COUNT I</u>

**Karen Reardon v. Dawson-SunCap SHV, LLC i/t/d/b/a The Ashby at South Hills Village Station**

**NEGLIGENCE**

24.  Plaintiff incorporates all preceding paragraphs of this Complaint by reference as if the same were set forth at length herein.

25.  At all times material hereto, it is believed and therefore averred that one or more employees, agents, servants, contractors, and/or assigns of Defendant, Dawson-SunCap SHV LLC, were on site at the The Ashby at South Hills Village Station during the time preceding and at the time of Plaintiff's injury.

26.  At all times material hereto, it is believed and therefore averred that Defendant, Dawson-SunCap SHV, LLC, was responsible for maintenance of the walking surfaces of The Ashby at South Hills Village Station and the common areas of said premises.

27.     At all times material hereto, it is believed and therefore averred that Defendant, Dawson-SunCap SHV, LLC, knew or should have known of the presence of ice on the sidewalk in question.

28.     At all times material hereto, Defendant, Dawson-SunCap SHV, LLC, knew or should have known that the slope of the sidewalk in the area of Plaintiff's fall was such that precipitation, run off, or other water was directed to flow onto a sloped area and was thereby able to freeze into an icy condition.

29.     At all times material hereto, Defendant, Dawson-SunCap SHV, LLC, knew or should have known that tenants of its apartment building would be walking on the sidewalks in the community.

30.     The incident described herein, and Plaintiff's injuries and damages therefrom, were caused directly and proximately by the individual, joint, several, and/or combined negligence of all Defendants, and of Defendant, Dawson-SunCap SHV, LLC, directly and through the acts and/or or omissions of its employees, agents, servants, contractors, and/or assigns, as set forth herein and in the following particulars:

a.     In allowing the ice to exist and remain on its premises when Defendant knew or should have known of the existence of the ice and knew or should have known that tenants would not discover the ice and be in a position to protect themselves from harm;

b.     In allowing the ice to remain on the premises for an unreasonable length of time;

c.     In failing to clean the area of the ice properly to remove the ice in its entirety;

d.     In failing to perform regular and routine inspections of its premises;

e.     In failing to correct the icy condition when such condition should have been identified by Defendant as a hazard to tenants;

f.  In failing to place signs, cones, or warnings near the ice;

g.  In failing to cordon off or otherwise block access to the stairs until such icy condition could be remedied;

h.  In failing to warn Plaintiff in any manner of the presence of the ice;

i.  In failing to properly train its employees regarding inspection of the premises for slipping hazards and the removal or correction of any such hazards;

j.  In failing to set proper policies and procedures regarding inspection of the premises for slipping hazards and the removal or correction of any such hazards;

k.  In failing to place salt, anti-skid, cinders, or other ice melting or traction substances to the ice;

l.  In failing to notify the property manager of the icy condition;

m.  In failing to provide a safe and appropriate walking surface for a residential apartment building;

n.  In failing to retain a snow and ice removal contractor;

o.  In failing to employ a property manager or on site manager;

p.  In failing to ensure than any property manager and/or on site manager was appropriately and safely managing the condition of walking surfaces on the premises;

q.  In failing to ensure that any snow and ice removal contractor had properly treated and/or removed snow and ice from the area in question;

r.  In failing to provide appropriate tools and materials for its employees to treat ice;

s.  In failing to correct the water runoff and/or drainage condition to prevent the accumulation of ice on any sloped area of sidewalk;

t.  In failing to provide sufficient staffing such that icy conditions could be remediated within a safe and appropriate time period;

u.  In failing to recognize that ice on a sloped sidewalk such as the area where Plaintiff fell would be a particularly dangerous falling hazard.

**WHEREFORE,** Plaintiff, Karen Reardon, demands judgment in her favor and against all Defendants, individually, jointly and/or severally, and against Defendant, Dawson-SunCap SHV, LLC, for an amount in excess of the jurisdictional limits of this Court, together with costs and interest.

## COUNT II

### Karen Reardon v. Lincoln Eastern Management Corporation
### NEGLIGENCE

31.     Plaintiff incorporates all preceding paragraphs of this Complaint by reference as if the same were set forth at length herein.

32.     At all times material hereto, it is believed and therefore averred that one or more employees, agents, servants, contractors, and/or assigns of Defendant, Lincoln Eastern Management Corporation, were on site at the The Ashby at South Hills Village Station during the time preceding and at the time of Plaintiff's injury.

33.     At all times material hereto, it is believed and therefore averred that Defendant, Lincoln Eastern Management Corporation, was responsible for maintenance of the walking surfaces of The Ashby at South Hills Village Station and the common areas of said premises.

34.     At all times material hereto, it is believed and therefore averred that Defendant, Lincoln Eastern Management Corporation, knew or should have known of the presence of ice on the sidewalk in question.

35.     At all times material hereto, Defendant, Lincoln Eastern Management Corporation, knew or should have known that the slope of the sidewalk in the area of Plaintiff's fall was such that precipitation, run off, or other water was directed to flow onto a sloped area and was thereby able to freeze into an icy condition.

36.     At all times material hereto, Defendant, Lincoln Eastern Management Corporation, knew or should have known that tenants of its apartment building would be walking on the sidewalks in the community.

37.     The incident described herein, and Plaintiff's injuries and damages therefrom, were caused directly and proximately by the individual, joint, several, and/or combined negligence of all Defendants, and of Lincoln Eastern Management Corporation, directly and through the acts and/or or omissions of their employees, agents, servants, contractors, and/or assigns, as set forth herein and in the following particulars:

a.     In allowing the ice to exist and remain on its premises when Defendant knew or should have known of the existence of the ice and knew or should have known that tenants would not discover the ice and be in a position to protect themselves from harm;

b.     In allowing the ice to remain on the premises for an unreasonable length of time;

c.     In failing to clean the area of the ice properly to remove the ice in its entirety;

d.     In failing to perform regular and routine inspections of its premises;

e.     In failing to correct the icy condition when such condition should have been identified by Defendant as a hazard to tenants;

f.     In failing to place signs, cones, or warnings near the ice;

g.     In failing to cordon off or otherwise block access to the stairs until such icy condition could be remedied;

h.     In failing to warn Plaintiff in any manner of the presence of the ice;

i.     In failing to properly train its employees regarding inspection of the premises for slipping hazards and the removal or correction of any such hazards;

j.     In failing to set proper policies and procedures regarding inspection of the premises for slipping hazards and the removal or correction of any such hazards;

k.     In failing to place salt, anti-skid, cinders, or other ice melting or traction substances to the ice;

l.     In failing to notify the landlord of the icy condition;

m.     In failing to provide a safe and appropriate walking surface for a residential apartment building;

n.     In failing to retain a snow and ice removal contractor;

o.     In failing to ensure that any snow and ice removal contractor had properly treated and/or removed snow and ice from the area in question;

p.     In failing to provide appropriate tools and materials for its employees to treat ice;

q.     In failing to correct the water runoff and/or drainage condition to prevent the accumulation of ice on any sloped area of sidewalk;

r.     In failing to provide sufficient staffing such that icy conditions could be remediated within a safe and appropriate time period;

s.     In failing to recognize that ice on a sloped sidewalk such as the area where Plaintiff fell would be a particularly dangerous falling hazard.

**WHEREFORE,** Plaintiff, Karen Reardon, demands judgment in his favor and against all Defendants, individually, jointly and/or severally, and against Defendant, Lincoln Eastern Management Corporation, for an amount in excess of the jurisdictional limits of this Court, together with costs and interest.

## <u>COUNT III</u>

**Louis Reardon v. Lincoln Eastern Management Corporation and Dawson-SunCap SHV, LLC i/t/d/b/a The Ashby at South Hills Village Station**

### LOSS OF CONSORTIUM

38.     Plaintiff incorporates all preceding paragraphs of this Complaint by reference as if the same were set forth at length herein.

39.    At all times material hereto, Plaintiff, Louis Reardon, was married to Plaintiff, Karen Reardon, and resided with her as her husband.

40.    As a direct and proximate result of the injuries and damages caused to Plaintiff, Karen Reardon, by the individual, joint, several, and/or combined negligence of all Defendants names herein, Plaintiff, Louis Reardon, has been damaged as follows:

a.    He has incurred and may in the future be required to incur costs and expenses for medical and rehabilitative care, including the services of physicians, nurses, therapists, and other professionals, medications, medical devices, and other medical treatments as prescribed and/or recommended for the treatment of his wife's injuries;

b.    He has and may in the future be deprived of his wife's earnings;

c.    He has and may in the future be deprived of his wife's care, comfort, society, support, services, companionship, affection, and attention; and,

d.    He has and will in the future suffer a loss of consortium.

**WHEREFORE,** Plaintiff, Louis Reardon, demands judgment in her favor and against all Defendants, individually, jointly and/or severally, for an amount in excess of the jurisdictional limits of this Court, together with costs and interest.

Respectfully submitted,

AINSMAN LEVINE, LLC

By: */s/ Erin K. Rudert, Esquire*
Erin K. Rudert, Esquire
310 Grant Street, 15th Floor
Pittsburgh, PA  15219
Tel:  (412) 338-9030
Fax:  (412) 338-9167
er@ainsmanlevine.com

Date:  November 12, 2021