# THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN REARDON and LOUIS )   Civil Action No. 2:21-cv-01642-LPL
REARDON, her husband, )
)
        Plaintiffs, )
)
v. )
)
LINCOLN EASTERN MANAGEMENT )
CORPORATION; and DAWSON-SUNCAP )
SHV, LLC i/t/d/b/a THE ASHBY AT )
SOUTH HILLS VILLAGE STATION, )
)
        Defendants. )
)

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1.   **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented   party and of each counsel and identify the parties whom such counsel represent:

Counsel for Plaintiffs:
Erin K. Rudert, Esquire
Ainsman Levine, LLC
310 Grant Street, Suite 1500
Pittsburgh, PA 15219
(412) 338-9030
(412) 338-9167
er@ainsmanlevine.com

Counsel for Defendants:
Paul J. Walsh, Esquire
Susan A. Kostkas, Esquire
Walsh, Barnes & Zumpella, PC
2100  Corporate  Drive,  Suite  300
Wexford, PA 15090
(412) 258-2255
pwalsh@walshlegal.net
skostkas@walshlegal.net

2.   **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.): Personal injury; premise liability

3.   **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or  entered an appearance as of the date of said Conference:**

March 7, 2022; Erin K. Rudert, Esq. and Susan A. Kostkas, Esq.

4.   **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead  Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling  Conference with their calendars in hand for the purpose of scheduling other pre-trial  events and procedures, including a Post-Discovery Status Conference; Counsel and  unrepresented

parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

March 23, 2022

5.    **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

No such motion has been filed or is anticipated to be filed.

6.    **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

Mediation; however, the parties request to mediate following key discovery depositions.

7.    **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

No party requests any change to the timing, form, or requirements of initial disclosures.

8.    **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

The parties anticipate fact discovery will be needed generally as to liability and damages.

9.    **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

The parties have elected to schedule the post-discovery status conference at the conclusion of fact discovery.

a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**    April 6, 2022

b.    **Date by which any additional parties shall be joined:**    June 20, 2022

**c.     Date by which the pleadings shall be amended:**        June 20, 2022

**d.     Date by which fact discovery should be completed:**    August 20, 2022

**e.     If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

The parties do not plan to conduct discovery in phases.   The parties elect by agreement to schedule a Post-Discovery Status Conference at the conclusion of Fact-Discovery.

**f.     Date by which plaintiff's expert reports should be filed:**

**g.     Date by which depositions of plaintiff's expert(s) should be completed:**

**h.     Date by which defendant's expert reports should be filed:**

**i.     Date by which depositions of defendant's expert(s) should be completed:**

**j.     Date by which third party expert's reports should be filed:**

**k.     Date by which depositions of third party's expert(s) should be completed:**

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

The parties do not believe that any changes are required.

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

**a.     ESI.** Is either party seeking the discovery of ESI in this case?
X Yes*     □   No [If "No," skip to sub-part (e) below.]

* The parties anticipate that ESI is limited to photographs, surveillance video and medical records, including diagnostic imaging.  By selecting "yes," the parties acknowledge the limited involvement of ESI discovery but do not intend to incur the burdens commonly associated with the preservation and discovery of ESI.

**b.     ESI Discovery Plan.**  The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

X Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by producing materials in their native format (i.e.: .pdf, .jpeg, .mov, etc.) and will address any ESI discovery issues as they arise.  The parties anticipate that ESI will be produced in the normal course of discovery and/or initial disclosures.

□   Have developed an ESI discovery plan (as attached).

      □   Will have an ESI discovery plan completed by
      □   NOTE:  At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the  Local Rules, to address specific issues relative to the parties' exchange of  electronic discovery and ESI.  If the parties are unable to do so, they should  advise the Court promptly.

c.     **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
       X Yes    □  No

d.     **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
       X Yes    □  No

e.     **Clawback Agreement.**  The parties have reviewed F.R.C.P. 26(b)(5),  F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

     X   Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local  Rules and filed with this Report.

     □  Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
     □  Are unable to agree on appropriate non-waiver language.

     **f. EDSM and E-Mediator.**  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
     □  Yes    X No

g.     **Other.**  Identify all outstanding disputes concerning any ESI issues:

     None.

---

12.     Set forth whether the parties have elected to schedule the Post-Discovery Status  Conference following the completion of Fact Discovery or Expert Discovery; in either  event the parties shall be prepared at the Post-Discovery Status Conference to discuss  and/or schedule the following: (The parties are *not* required during their Rule 26(f)  Conference to consider or propose dates for the items identified below.  Those dates will  be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial  counsel for each party and each unrepresented party are required to attend the Post-  Discovery Status Conference with their calendars in hand to discuss those items listed  below that require scheduling. In addition, a representative with settlement authority of  each party shall be required to attend; representatives with settlement authority of any  insurance company providing any coverage shall be available throughout the  Conference by telephone):

The parties have elected to schedule the post-discovery status conference at the conclusion of fact discovery.

    **a.**      **Settlement and/or transfer to an ADR procedure;**

    **b.**      **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

    **c.**      **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    **d.**      **Dates by which parties' pre-trial statements should be filed;**

    **e.**      **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    **f.**      **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    **g.**      **Dates proposed for final pre-trial conference;**

    **h.**      **Presumptive and final trial dates.**

**13.**     Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

Not anticipated but the parties will address any such orders as the need arises.

**14.**     Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

Parties do not currently anticipate a need for a special master.

**15.**     If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

The parties have not failed to agree on any issue that would require a report.

**16.**     Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

The parties have elected to participate in mediation and request to mediate following key discovery depositions.

Respectfully submitted,


AINSMAN LEVINE, LLC                          WALSH, BARNES & ZUMPELLA, PC


/s/ Erin K. Rudert, Esquire                  /s/ Susan A. Kostkas, Esquire
Erin K. Rudert, Esq                          Susan A. Kostkas, Esquire
PA Id No. 200432                             PA Id No. 79231
310 Grant Street, Suite 1500                 2100 Corporate Drive, Suite 300 Wexford,
Pittsburgh, PA 15219                         PA 15090
(412) 338-9030                               (412) 258-2255
(412) 338-9167 (Fax)                         skostkas@walshlegal.net
er@ainsmanlevine.com

                                             *Counsel for Defendants, Lincoln Eastern
*Counsel for Plaintiffs, Karen Reardon and Louis*   *Management Corporation; and Dawson-*
*Reardon*                                     *SunCap SHV, LLC i/t/d/b/a The Ashby at*
                                             *South Hills Village Station*


form revision date: November 1, 2016